UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LISA HALL,

                                    Plaintiff,

            -against-

CRESTWOOD LAKE SECTION 8
HOLDING CORPORATION; WOODNER
COMPANY; BARRY TIMMONS;
ALEXANDRIA HERCULES; JONATHAN
WOODNER,

                                    Defendants.

24-CV-3657 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants have violated her rights. She sues Crestwood Lake Section 8 Holding Corporation ("Crestwood Lake"); Woodner Company; Barry Timmons, an Assistant Manager at Crestwood Lake and Woodner Company;[1] Alexandria Hercules, who also appears to be a Woodner Company employee; and Jonathan Woodner, Owner of the Woodner Company. By order dated May 21, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

---

[1] Although Plaintiff does not state it, attachments to the complaint indicate that Timmons is employed by Crestwood Lake, which appears to be part of the Woodner Company. (*See* ECF 1, at 28.)

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff brings her claims using the court's general complaint form. She does not state the basis for the Court's jurisdiction of her claims, but in response to a question asking which of her federal constitutional or federal statutory rights were violated, Plaintiff writes, "Human rights, Housing rights, Civil rights." (ECF 1, at 2.)

The following allegations are taken from the complaint.[2] On March 1, 2022, Plaintiff moved into an apartment at 2 Beaumont Circle in Yonkers, New York. CVR, a private agency that administers federal Section 8 housing vouchers, "extended a voucher to start paying [Plaintiff's] rent" in September 2022. (*Id.* at 5.) On November 11, 2022, a Crestwood Lake

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

Apartment manager "signed the Moving Packet." (*Id.*) In January 2023, "they," presumably Crestwood Lake or Woodner Company, sued Plaintiff for nonpayment of rent.[3] (*Id.*) "While in court," Defendants agreed to accept Plaintiff's Section 8 voucher, with Plaintiff's share of the rent being $800. They also agreed that Plaintiff could "get help with [her] rental arears" from the Department of Social Services. (*Id.*)

Plaintiff appears to allege that, while the court proceedings were happening, Defendants were "denying her Section 8 voucher and not completing any paperwork giving to them for rental arears assistance." (*Id.*) Defendants told CVR that they could not accept her voucher because she was in a rent-stabilized apartment, even though "Homes + Renewals" told Plaintiff "that was not true." (*Id.*)

Plaintiff further alleges that she was retaliated against because she is Black and because she countersued Defendants in state court "due to mice infestation." (*Id.*)

During the state court proceedings, Defendants agreed that Plaintiff can stay in her apartment "if the rental arrears get paid, knowing that they were doing everything to stop it." (*Id.* at 6.) Plaintiff further alleges that her granddaughter has asthma and that she has "a health problem," but that Defendants "did it anyway." (*Id.*)

In the section of the complaint to describe her injuries, Plaintiff states that she was "unlawfully evict[ed]." (*Id.*)

Plaintiff seeks $10,000,000 in damages.

Plaintiff attaches to the complaint approximately 77 additional pages of documents, including copies of her Section 8 voucher, email correspondence between Plaintiff, CVR

---

[3] Throughout the complaint, Plaintiff uses the pronoun "they" without specifying to which of the defendants she is referring. In summarizing Plaintiff's allegations, the Court assumes "they" is a reference to all "Defendants."

employees, and Crestwood Lake/Woodner employees, including Timmons and Hercules regarding her voucher and related paperwork.

Among the attachments is a November 1, 2023 "Hearing Memo" prepared by Anne E. Wagstaff, an attorney with Legal Services of Hudson Valley, apparently following a hearing held on October 19, 2023.[4] In the memo, Wagstaff challenges CVR's claim that Plaintiff's voucher had expired in March 2023, and argues that Plaintiff's voucher term was tolled in November 2022 when she submitted her "Request for Tenancy Approval" and was never restarted because Plaintiff "never received written notice that the tenancy was not approved." (*Id.* at 46.) Wagstaff concluded that Plaintiff's voucher was therefore still valid.

Plaintiff also attaches a November 29, 2023 letter from a CVR hearing officer, in which the officer concluded that "CVR acted incorrectly by failing to notify Ms. Hall that her move was cancelled." (*Id.* at 51.) CVR therefore granted Plaintiff 106 days of tolling of the expiration of her Section 8 voucher and held that the updated expiration date of her voucher was March 14, 2024. (*See id.* at 52.)

Finally, Plaintiff attaches a January 17, 2024 letter from the Hudson Valley Justice Center regarding a state court non-payment eviction proceeding initiated by Crestwood Lake. The letter states that Crestwood Lake is suing Plaintiff for $16,675.03 in unpaid rent for the period from June 2022 through January 2023. (*See id.* at 53.) The letter states that Plaintiff had contacted the Department of Social Services and Cluster,[5] and that neither agency was able to assist Plaintiff with paying the rental arrears. The letter further recaps that, in an October 23, 2023 Decision and Order, the state court awarded Crestwood Lake a judgment of possession and a judgment of

---

[4] The memo does not include an addressee and its precise purpose is unclear.

[5] Cluster appears to be a social services agency located in Yonkers. *See* https://clusterinc.org/ (last viewed June 13, 2024).

$26,500 for unpaid rent. (*Id.*) The court also issued a warrant of possession, although Plaintiff stated to the Justice Center that she had not yet been served with a Notice of Eviction. The letter "advise[d] and counsel[ed]" Plaintiff to submit her Request for Tenancy Approval to CVR by the new deadline of March 24, 2024, and to look for another residence that accepts Section 8 vouchers; to file an Order to Show Cause with the Yonkers City Court to allow her to remain in her residence while seeking a new apartment; and, if she cannot find a new residence, to seek assistance in attaining shelter from the Department of Social Services. (*Id.* at 54.)

## DISCUSSION

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id.* (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Here, Plaintiff's complaint does not comply with Rule 8 because it does not contain a short and plain statement showing that she is entitled to relief. Plaintiff appears to be attempting to assert claims under federal law, but her allegations do not state a viable claim under any federal law.[6]

Because Plaintiff alleges that Defendants violated her "civil rights" (ECF 1, at 2), she may be attempting to assert claims under 42 U.S.C. § 1983 that Defendants violated her federal constitutional rights. A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Although there are limited circumstances in which a nominally private actor can be deemed a state actor for Section 1983 purposes,[7] it is well established that receipt of government

---

[6] Plaintiff does not indicate that she is attempting to assert claims under state law and her allegations do not demonstrate that the Court has diversity of citizenship jurisdiction of any state law claims. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff indicates in the complaint that both she and several Defendants reside in New York, precluding complete diversity of citizenship.

[7] Those limited circumstances include where (1) the nominally private entity acts "pursuant to the 'coercive power' of the state or is 'controlled' by the state"; (2) the state

funding, "no matter how extensive, is insufficient to transform otherwise private conduct into

state action." *Young v. Halle Hous. Assoc., L.P.*, 152 F. Supp. 2d 355, 362 (S.D.N.Y. 2001);

*Aponte v. Diego Beekman M.H.A. HFDC*, No. 16-CV-8479 (JPO), 2019 WL 316003, at *12

(S.D.N.Y. Jan. 24, 2019) (dismissing Section 1983 claims based on "entwinement" theory where

plaintiffs alleged that landlord "receive[d] public funds and tax exemptions in exchange for

providing low-income housing," and holding that entities do not become state actors "simply

because those entities receive state funding for providing a public service" (citing *Rendell-Baker*

*v. Kohn*, 457 U.S. 830, 841 (1982))). As Defendants are all private parties who are not alleged to

work for any state or other government body, and do not otherwise qualify as state actors,

Plaintiff has not stated a viable Section 1983 claim against them.

Plaintiff may be attempting to assert claims under the federal Fair Housing Act ("FHA"),

42 U.S.C. § 3604.[8] The FHA "broadly prohibits discrimination in housing." *Gladstone Realtors*

*v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979). Specifically, it prohibits discrimination "against any

person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of

services or facilities in connection therewith, because of race, color, religion, sex, familial status

. . . national origin," or disability. 42 U.S.C. § 3604(b), (f). The FHA also prohibits retaliation

against persons who have asserted their rights under the FHA. *See id.* § 3617 (making it unlawful

"to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or

---

encourages, or the entity willfully participates, in a joint activity with the state, or the "entity's functions are 'entwined' with state policies"; or (3) the entity "has been delegated a public function by the state." *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d. Cir. 2008) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n*, 531 U.S. 288, 296 (2001)).

[8] The Court assumes for the purposes of this order that the FHA covers Plaintiff's residence. *See* 42 U.S.C. § 3604(b) (defining "dwelling," in part, as a "building" that is "occupied as . . . a residence by one or more families").

on account of his having exercised or enjoyed, or on account of his having aided or encouraged

any other person in the exercise or enjoyment of, any right granted or protected by [among

others, §§ 3604 and 3605] of this title"). To state a claim under the FHA, a plaintiff must

plausibly allege that: (1) he was a member of a class protected by the FHA, and (2) he suffered

an adverse housing action because of his membership in that protected class. *See Mazzocchi v.*

*Windsor Owners Corp.*, No. 11-CV-7913 (LBS), 2012 WL 3288240, at *7 (S.D.N.Y. Aug. 6,

2012).

Here, Plaintiff asserts that she "believe[s] [she] was retaliated on because [she] was

black," but she alleges no facts supporting her belief that she was discriminated against on the

basis of her race, and nothing in the complaint or the attachments suggests that Plaintiff suffered

an adverse housing action because of her race. Plaintiff therefore does not state a viable claim

under the FHA.[9]

---

[9] Plaintiff attaches to the complaint a copy of the court's 1990 decision in *Glover v. Crestwood Lake*, 746 F. Supp. 301 (S.D.N.Y. 1990), in which the court applied what was previously codified as 42 U.S.C. § 1437(f)(t)(1)(B), which required that, once apartment owners accept Section 8 vouchers, they may not refuse to rent units to Section 8 voucher holders because of their participation in Section 8. *See Glover*, 746 F. Supp. at 308-09. Plaintiff may have attached that case in an attempt to assert a similar claim. Congress, however, repealed that version of Section 1437f(t) in 1996. *See Salute v. Stratford Greens Garden Apts.*, 136 F.3d 293, 300 n.5 (2d Cir. 1998) (stating that Section 1437(t) was "effectively repealed (through amendment)"). The language currently codified at Section 1437f(t)(1)(B) relates to the "enhanced voucher" program. When an apartment owner fails to renew a contract with the city or state for rental assistance, the termination or expiration of the contract triggers "enhanced voucher" assistance. *See* 42 U.S.C. § 1437f(t)(2). "Under the enhanced voucher program, if a tenant elects to remain at the premises after the termination of a project-based assistance contract (and conversion to market rent), the tenant is eligible for an enhanced voucher that exceeds the 'applicable payment standard' for an ordinary voucher and instead uses 'a payment standard that is equal to the rent of the dwelling unit,' thereby enabling the tenant to pay any rent increase resulting from the conversion." *Jeanty v. Shore Terrace Realty Ass'n*, No. 03-CV-8669 (BSJ), 2004 WL 1794496, at *1 (S.D.N.Y. Aug. 10, 2004) (quoting 42 U.S.C. § 1437f(t)(1)(B)). Plaintiff's allegations do not suggest that she is attempting to assert a claim under the current version of Section 1437f(t)(1)(B).

To the extent Plaintiff is attempting to assert claims that she was discriminated against on the basis of her race in violation of the FHA, the Court grants Plaintiff leave to file an amended complaint alleging facts in support of such a claim.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because the Court cannot conclude that amendment is futile at this stage, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.

Plaintiff is granted leave to amend her complaint to provide more facts to demonstrate that she is asserting a viable claim under the FHA. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-3657 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted and the Court will decline, under 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction of any state law claims she may be asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

 Dated:    August 19, 2024
           New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-


_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____

(Include case number if one has been
assigned)


**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
　　　　　　　(Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                     (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____
First Name                    Middle Initial       Last Name

_____
Street Address

_____
County, City                    State             Zip Code

_____
Telephone Number          Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name         Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City         State         Zip Code

Defendant 2:

First Name         Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City         State         Zip Code

Defendant 3:

First Name         Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City         State         Zip Code

Defendant 4:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | | Plaintiff's Signature |
|---|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Street Address

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.